**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JACKIE CAVENDER on behalf of herself and all those similarly situated who consent to representation, | ) ) ) ) ) | Civil Action Number: |
| | ) | FLSA Collective Action |
| Plaintiffs, | ) | Jury Trial Demanded |
| v. | ) ) | |
| TARGET CORPORATION, a Minnesota Corporation, | ) ) ) | |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff Jackie Cavender (hereinafter "Plaintiff Cavender") by and through her undersigned counsel, and files this lawsuit against Defendant Target Corporation (hereinafter "Defendant") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1.   The instant action arises from Defendant's violations of Plaintiff Cavender's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the FLSA by Defendant which

have deprived Plaintiff Cavender, as well as others similarly situated to Plaintiff Cavender, of their lawful hourly and overtime wages.

2. The above-named Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Plaintiff Cavender and any collective group similarly situated were or are employed by Defendant at Defendant's retail store located at 260 Holcomb Bridge Road, Alpharetta, Georgia 30022 ("Defendant's Holcomb Bridge Road Location") as hourly employees called "team members."

4. Other current and former employees of Defendant are also entitled to receive their hourly wage and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff may be permitted to maintain this action "for and in behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employees of Defendant wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

5. This action is brought to recover unpaid wages and overtime compensation owed to Plaintiff Cavender and similarly situated employees of Defendant pursuant to the FLSA.

6. During the employment of Plaintiff Cavender, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate employees for all hours worked and/or by failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

7. Plaintiff Cavender and all similarly situated employees of Defendant who elect to participate in this action seek unpaid wages and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the

State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff Cavender resides in Atlanta, Georgia (within this District) and is a citizen of the United States. Plaintiff Cavender was employed by Defendant from on or about January 17, 2010 until on or about September 3, 2010 as an hourly team member.

11. Defendant employed Plaintiff Cavender at its Holcomb Bridge Road Location.

12. At all times material to this action, Plaintiff and any collective group similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendant.

13. Defendant is a corporation formed under the laws of the State of Minnesota and registered to do business in the state of Georgia.

14. Defendant conducts business within this State and District.

15. Defendant maintained either actual or constructive control, oversight and direction of its employees, including the employment and pay and other practices.

16. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CT Corporation, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

17. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Defendant was an "employer" of the Plaintiff Cavender and of others similarly situated, as defined by § 203(d) of the FLSA.

19. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendant.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

21. At times, Defendant required Plaintiff Cavender to work the closing shift at its Holcomb Bridge Road Location.

22. Defendant closed it store at 10 p.m. Mondays through Saturdays and 9 p.m. on Sundays.

23. When working the closing shift, Plaintiff Cavender was scheduled to work one hour later than the actual store closing. The closing shift on Mondays through Saturdays was scheduled to end at 11 p.m. and the closing shift on Sundays was scheduled to end at 10 p.m. on Sundays.

24. During the one hour between the store closing and the scheduled end of the shift, Plaintiff Cavender performed duties such as closing the cash registers, cleaning the store, and returning merchandise to the proper places.

25. Defendant required Plaintiff Cavender to clock out exactly one hour after the close of the store. Plaintiff Cavender and those similarly situated employees who worked the closing shift were required to clock out at 11 p.m. Mondays through Saturdays and 10 p.m. on Sundays.

26. Upon clocking out, it was Defendant's policy and/or practice to require Plaintiff Cavender to gather at the front of the store where she was

prohibited from leaving the store and was actually locked in the store (hereinafter "locked in time").

27. During this locked in time, Plaintiff Cavender was required to continue to perform duties and respond to her supervisor's requests and/or questions, including whether the closing duties had been performed properly, how many credit card applications the employees obtained during their shift, whether expired ads had been removed from the floor and whether items had been properly placed back onto the shelves.

28. The locked in time occurred at the end of every closing shift and lasted approximately 25 minutes per shift and Defendant did not compensate Plaintiff Cavender for this time.

29. Plaintiff Cavender was an hourly non-exempt employee.

30. Like Plaintiff Cavender, Defendant employed/employs other hourly, non-exempt employees at its Holcomb Bridge Road Location who are required to perform work after they clocked/clock out from a closing shift.

31. These employees are similarly situated in that they all perform essentially the same job functions.

32. These employees are similarly situated in that they are all subject to Defendant's same compensation plan and/or practice that requires them to remain

locked in the store and perform work after they have clocked out from working a closing shift and this plan and/or practice denies compensation for this locked in time.

33. At the conclusion of the locked in time, the assistant manager would unlock the doors and permit Plaintiff Cavender and other similarly situated employees to leave the store.

34. At all times relevant to this action, Plaintiff Cavender and those similarly situated employees were not paid for all hours worked.

35. Plaintiff Cavender demands a jury trial.

## COUNT I
## Failure To Pay For All Hours Worked In Violation Of The FLSA

36. Plaintiffs repeat and incorporate by reference paragraphs 1-35 herein.

37. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

38. As a result of Defendant's violations of the FLSA, Plaintiff Cavender and those similarly situated employees have suffered damages by failing to receive wages for all hours worked in accordance with the FLSA.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Cavender and similarly situated employees.

40. As a result of the unlawful acts of Defendant, Plaintiff Cavender and similarly situated employees have been deprived of wages for all hours worked in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and costs.

## COUNT II
## Failure To Pay Overtime Compensation In Violation Of The FLSA

41. Plaintiff Cavender repeats and incorporates by reference paragraphs 1-35 herein.

42. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA overtime provisions and corresponding federal regulations.

43. As a result of Defendant's violations of the FLSA, Plaintiff Cavender and those similarly situated employees have suffered damages by failing to receive wages in an amount at least one and one-half times their regular hourly rate for all hours worked in accordance with the FLSA overtime provisions.

44.     Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff Cavender and similarly situated employees.

45.     As a result of the unlawful acts of Defendant, Plaintiff Cavender and similarly situated employees have been deprived of overtime wages at a rate of one and one-half of their regular hourly rate for all hours over forty in a workweek in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cavender, individually and on behalf of all other similarly situated persons who will opt into this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.     Certification of a class and any necessary sub-classes pursuant to 29 U.S.C. § 216(b) to be described as and to include any and all similarly situated hourly employees who worked a closing shift at Defendant's Holcomb Bridge Location within three years of the filing of this Complaint;

B.     That, at the earliest possible time, they be allowed to give Notice of this action, or that the Court issue such Notice, to all persons who have at any time

during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendant as an hourly team member who worked at least one closing shift at Defendant's Holcomb Bridge Road Location.  Such Notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendant for all hours worked, or they were not paid at least time and a half their regular rate for all hours worked in excess of 40 hours in a work week at any time during the preceding three years;

    C.    That Plaintiff Cavender and all individuals who opt into this case be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

    D.    That Plaintiff Cavender and those similarly situated be awarded reasonable attorneys' fees; costs and expenses of this action; and any such other, further legal and equitable relief permitted by law, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

    Respectfully submitted this 13th day of November, 2010.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin
 Kimberly N. Martin
 kmartin@martinandmartinlaw.com
 Georgia Bar No. 473410
 Thomas F. Martin
 tfmartin@martinandmartinlaw.com
 Georgia Bar No. 482595

 MARTIN & MARTIN, LLP
 Post Office Box 1070
 Tucker, Georgia 30085-1070

 (404) 313-5538 / (770) 837–2678 Fax